## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| COVIDIEN SALES LLC, COVIDIEN LP, and COVIDIEN INC. | Civil Action No.: |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| ETHICON ENDO-SURGERY, INC. and ETHICON ENDO-SURGERY, LLC, | |
| Defendant. | |

Plaintiffs Covidien Sales LLC, Covidien LP, and Covidien Inc. (collectively, "Plaintiffs" or "Covidien") hereby file this Complaint for Declaratory Judgment against Defendants Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery, LLC (collectively, "Defendants" or "Ethicon") and aver as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. Covidien seeks a declaration of non-infringement of United States Patent Nos. 9,168,055 ("the '055 patent"), 8,435,258 ("the '258 patent"), 9,023,072 ("the '072 patent"), 8,461,744 ("the '744 patent"), 8,773,001 ("the '001 patent"), and 8,623,027 ("the '027 patent").

2.      Pursuant to Rule 3.1(b) of the Local Civil Rules for this District, the instant action is a related case to another previously filed case in the District, *Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery, LLC v. Covidien, Inc. and Covidien LP*, No. 1:11-CV-00871 (S.D. Ohio) (the "First Action"). These are related cases because both actions call for a determination of the same or substantially identical questions of law or fact and would entail substantial duplication

of effort and expense by the court and the parties if heard by different Judges. *See* Local Civil R. 3.1(b).

## PARTIES

3.     Plaintiff Covidien LP is a limited partnership organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at 15 Hampshire Street, Mansfield, MA 02048.

4.     Plaintiff Covidien Inc. is a corporation organized and existing under the laws of the State of Delaware, having its headquarters and principal place of business at 15 Hampshire Street, Mansfield, MA 02048.

5.     Plaintiff Covidien Sales LLC is a limited liability company organized and existing under the laws of the State of Massachusetts, having its headquarters and principal place of business at 15 Hampshire Street, Mansfield, MA 02048.

6.     Defendant Ethicon Endo-Surgery, Inc. is a corporation organized under the laws of the State of Ohio, having its headquarters and principal place of business at 4545 Creek Road, Cincinnati, OH 45242.

7.     Defendant Ethicon Endo-Surgery, LLC is a corporation organized under the laws of the State of Delaware, having offices in Guaynabo, Puerto Rico.

## THE PATENTS-IN-SUIT

8.     The '055 patent, entitled "Ultrasonic Surgical Shears and Method for Sealing a Blood Vessel Using Same," issued on October 27, 2015 from United States Patent Application No. 13/896,380, which was filed May 17, 2013. The '055 patent states that it is a continuation of U.S. Patent Application No. 13/462,946, filed on May 3, 2012, now U.S Patent No. 8,460,326, which, in turn, is stated to be a continuation of U.S. Patent Application No. 11/065,671, filed on

Feb. 24, 2005, now Pat. No. 8,182,501 ("the '501 patent").  The '055 patent claims priority to U.S. Provisional Application No. 60/548,308 which was filed February 27, 2004.  A true and correct copy of the '055 patent is attached hereto as **Exhibit 1**.

9.      The '258 patent, entitled "Mechanism for Assembly of Ultrasonic Instrument," issued on May 7, 2013 from U.S. Patent Application No. 13/525,808, which was filed June 18, 2012.  The '258 patent is a division of U.S. Patent Application No. 11/751,733, which was filed on May 22, 2007 and which claims priority to U.S. Provisional Application No. 60/809,971, filed June 1, 2006.  A true and correct copy of the '258 patent is attached hereto as **Exhibit 2**.

10.      The '072 patent, also entitled "Mechanism for Assembly of Ultrasonic Instrument," issued on May 5, 2015 from U.S. Patent Application No. 13/858,484, which was filed April 8, 2013.  Like the '258 patent, the '072 patent claims priority to U.S. Provisional Application No. 60/809,971, which was filed June 1, 2006.  A true and correct copy of the '072 patent is attached hereto as **Exhibit 3**.

11.      The '744 patent, entitled "Rotating Transducer Mount for Ultrasonic Surgical Instruments," issued on June 11, 2013 from U.S. Patent Application No. 12/503,770, which was filed July 15, 2009.  A true and correct copy of the '744 patent is attached hereto as **Exhibit 4**.

12.      The '001 patent, also entitled "Rotating Transducer Mount for Ultrasonic Surgical Instruments," issued on July 8, 2014 from U.S. Patent Application No. 13/912,708, which was filed June 7, 2013.  The '001 patent is a continuation of U.S. Patent Application No. 12/503,770, now the '744 patent, which was filed July 15, 2009.  A true and correct copy of the '001 patent is attached hereto as **Exhibit 5**.

13.      The '027 patent, entitled "Ergonomic Surgical Instruments," issued on January 7, 2014 from U.S. Patent Application No. 12/245,158, which was filed October 3, 2008.  The '027

patent claims priority to U.S. Provisional Application No. 60/997,901 which was filed October 5, 2007. A true and correct copy of the '027 patent is attached hereto as **Exhibit 6**.

<u>**JURISDICTION AND VENUE**</u>

14.    A real, immediate, substantial, and justiciable controversy exists between Covidien and Defendants with respect to the infringement of the '055, '258, '072, '744, '001 and '027 patents, as set forth in greater detail below.

15.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367 because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, the basis for which is fully set forth below.

16.    This Court has personal jurisdiction over Defendants because, upon information and belief, Defendant Ethicon Endo-Surgery, Inc. is a corporation organized and existing under the laws of the State of Ohio, and because Defendant Ethicon Endo-Surgery, LLC regularly conducts business in this judicial district. Defendants have also consented to personal jurisdiction by filing a related patent infringement action against Plaintiffs Covidien, Inc. and Covidien LP in this judicial district in the First Action.

17.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants regularly conduct business in this district, and because this Court presided over the First Action, a related patent infringement action involving the same parties, similar or related patented subject matter and technology, and the same or substantially similar Sonicision accused products.

## BACKGROUND FACTS

**A.     THE PARTIES AND RELEVANT PRODUCT MARKET**

18.     Ethicon and Covidien are direct competitors in the laparoscopic advanced energy surgical market.

19.     The advanced energy surgical market is comprised generally of energy-based instruments that utilize ultrasonic or advanced bipolar energy sources (or both).

20.     Ethicon and Covidien both market 5 mm (diameter) laparoscopic ultrasonic instruments, indicated for cutting and coagulating blood vessels in minimally invasive surgical procedures.

21.     On or around May 1, 2012, Covidien commercially launched a laparoscopic ultrasonic surgical product called Sonicision$^{TM}$.

22.     Sonicision is the industry's first cordless, battery-powered ultrasonic dissection device.  Other purely ultrasonic instruments, including Ethicon's competing products, use a stand-alone generator as their energy source, with a cord that connects the hand-held portion of the device to the generator.

**B.     THE FIRST ACTION**

23.     Ethicon first asserted a claim for patent infringement against Covidien's Sonicision device in a Complaint filed in this judicial district on December 14, 2011 ("Complaint"), before commercial launch of the Sonicision.

24.     In the Complaint, Ethicon asserted infringement of U.S. Patent No. 5,322,055 to Davision (the "Davison '055 patent"), now expired.

25.     On January 9, 2012, Covidien filed a motion to dismiss the Complaint in favor of mandatory mediation proceedings prescribed in a Settlement Agreement between Ethicon and

- 5 -

Covidien's predecessor, dated April 1, 1999 (the "1999 Settlement Agreement"). The 1999 Settlement Agreement remains effective and binding on Ethicon and Covidien.

26.     On April 6, 2012, after Covidien's motion to dismiss was fully briefed, Covidien and Ethicon reached an agreement to submit their claims to mediation and for Covidien to withdraw its motion to dismiss. The parties filed a Joint Motion to Stay the Case Pending Mediation, and the Court granted the parties' motion on April 9, 2012.

27.     On or around April 23, 2012, Ethicon's outside counsel served Covidien's outside counsel a mediation notice letter, informing Covidien of Ethicon's allegation that Sonicision infringes a total of eighty-five (85) utility patent claims and four design patent claims. Ethicon's notice identified five issued utility patents and five pending patent applications that received Notices of Allowance from the USPTO as of April 16, 2012 (one utility patent application and four design patent applications). The parties participated in mediation on May 17, 2012.

28.     Following mediation, on June 13, 2012, Ethicon filed an Amended Complaint ("Amended Complaint"). In the Amended Complaint, Ethicon asserted infringement of nine patents in total, choosing not pursue an infringement claim for one of the five utility patents subject to the mediation. Specifically, the Amended Complaint asserted infringement of: (i) five utility patents, namely the Davison '055 patent[1], the '501 patent, U.S. Patent No. 5,897,569 ("the '569 patent"), U.S. Patent No. 5,938,633 ("the '633 patent"), U.S. Patent No. 5,989,275 ("the '275 patent"); and (ii) four design patents, namely U.S. Patent Nos. D661,801, D661,802, D661,803, and D661,804 (collectively, "the Design Patents").

---

[1] The expired Davision '055 patent is not to be confused with the '055 patent that Ethicon presently asserts to be infringed by Covidien's Sonicision products.

29.     On July 6, 2012, Covidien filed an Answer to the Amended Complaint, through which it denied infringement and asserted affirmative defenses and counterclaims of noninfringement and invalidity as to all the patents asserted in Ethicon's Amended Complaint.

30.     The Court held a *Markman* hearing on April 12, 2013, and subsequently entered an Order on Claim Construction on April 25, 2103 ("Claim Construction Order").  *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., No. 1:11-CV-871, 2013 WL 1787153, at *3 (S.D. Ohio Apr. 25, 2013) *aff'd*, 796 F.3d 1312 (Fed. Cir. 2015).

31.     In the Claim Construction Order, the Court construed numerous claim terms of the utility patents asserted in Ethicon's Amended Complaint, either by adopting the parties' agreed-upon constructions or by interpreting disputed claim terms.

32.     Through the Claim Construction Order, the Court construed claim terms of the '501 patent in the First Action that also appear in the claims of Ethicon's '055 patent now in dispute.

33.     Consistent with the parties' agreed-upon constructions, the Court in the First Action construed the terms "predetermined force" and "predetermined pressure" in connection with the '501 patent as follows, respectively: (i) "clamping force set in advance of operating the clamping arm or clamping force set by the user prior to operating the clamping arm;" and (ii) "clamping pressure set in advance of operating the clamping arm or clamping pressure set by the user prior to operating the clamping arm."

34.     The '501 patent claims incorporate the terms "predetermined average coaptation pressure," "predetermined clamping force," "average predetermined clamping pressure," and "predetermined clamping pressure."  The '055 patent claims incorporate the same or related terms, namely "predetermined average coaptation pressure," "predetermined average clamping

force," and "average predetermined clamping force." As described in greater detail below, Ethicon has expressed to Covidien that it intends to assert infringement of these '055 patent claims against Covidien's Sonicision products.

35. On September 25, 2013, Covidien and Ethicon entered into a Stipulation regarding the Davison '055 patent and the '633 patent, in which the parties stipulated and agreed, *inter alia*, that Covidien's Sonicision products do not infringe literally or under the doctrine of equivalents any claims of the Davison '055 patent under the Claim Construction Order. Thus, Covidien agreed to withdraw its Affirmative Defenses and Counterclaims of invalidity and non-infringement of the Davision '055 patent. Moreover, Ethicon agreed to withdraw its claims for infringement of the '633 patent, and provided an irrevocable covenant not to sue Covidien for infringement of any claims of the '633 patent by the accused Sonicision or a substantially similar device.

36. On October 1, 2013, Covidien and Ethicon filed a Joint Motion for Dismissal relating to the '633 patent, in which the parties jointly moved the Court to dismiss with prejudice all claims, affirmative defenses, and counterclaims asserted in the action based on or relating to the '633 patent. The Court granted the parties' joint motion for dismissal on October 2, 2013.

37. Upon leave of the Court, on October 3, 2013, Covidien filed an Amended Answer to Ethicon's Amended Complaint (the "Amended Answer"). The Amended Answer asserted all Affirmative Defenses and Counterclaims asserted in Covidien's original Answer, and added an Affirmative Defense and Counterclaim of unenforceability of the '501 patent for inequitable conduct.

38. On October 21, 2013, after the close of discovery, Covidien filed the following motions for summary judgment:

   a.  Motion for Summary Judgment of Non-Infringement of the '275 patent;

   b.  Motion for Summary Judgment of Non-Infringement and Invalidity of the
       '501 patent;

   c.  Motion for Partial Summary Judgment with Respect to Plaintiffs' Claims
       of Design Patent Infringement;

   d.  Motion for Summary Judgment of Non-Infringement and Invalidity of
       Claim 30 of the '569 patent; and

   e.  Motion for Summary Judgment of Unenforceability of the '501 patent for
       Inequitable Conduct (Dkt. No. 106).

39.     On January 22, 2014, the Court issued the following Orders on Covidien's
summary judgment motions:

   a.  Order Granting Defendants' Motion for Summary Judgment of Non-
       Infringement of the '275 patent;

   b.  Order Granting Defendants' Motion for Summary Judgment of Non-
       Infringement and Invalidity of the '501 patent, deeming the '501 patent
       not infringed and invalid as indefinite;

   c.  Order Granting Defendants' Motion for Partial Summary Judgment with
       Respect to Plaintiffs' Claims of Design Patent Infringement, deeming the
       Design Patents not infringed and invalid as functional;

   d.  Order Granting in Part and Denying in Part Defendants' Motion for
       Summary Judgment of Non-Infringement and Invalidity of the '569
       patent, deeming claim 30 of the '569 patent not infringed, but determining

that issues of material fact existed as to whether claim 30 is invalid for
anticipation; and

e.  Order Denying Defendants' Motion for Summary Judgment of
Unenforceability of the '501 patent, determining that issues of material
fact existed as to inequitable conduct.

40.    Pursuant to a Stipulation of the parties, and the parties' Joint Motion for Entry of
Judgment, the Court entered final judgment in the First Action on March 4, 2014.

41.    On March 19, 2014, Ethicon filed a notice of appeal with the United States Court
of Appeals for the Federal Circuit.  On appeal, Ethicon challenged the Court's following rulings
from the First Action:

a.  The portion of the Claim Construction Order construing the "configured to
loosely contact" claim term of the '275 patent (claim 1), and the order
granting Covidien summary judgment of non-infringement of the '275
patent;

b.  Order granting Covidien summary judgment of invalidity of the '501
patent for indefiniteness;

c.  Order granting Covidien summary judgment of non-infringement and
invalidity of the Design Patents.

42.    Ethicon did not appeal any portion of the Court's Claim Construction Order
relating to the '501 patent, or the Court's judgment of non-infringement of the '501 patent.

43.    Ethicon did not appeal any portion of the Court's Claim Construction Order
relating to the '569 patent, or the Court's judgment of non-infringement of the '569 patent.

44.     In a decision dated August 7, 2015, the Federal Circuit ruled as follows on Ethicon's appeal of the final judgment in the First Action:

> a.  Affirmed the portion of the Claim Construction Order construing the "configured to loosely contact" claim term of the '275 patent (claim 1), vacated the Court's grant of summary judgment of non-infringement of the '275 patent, and remanded for further proceedings to resolve issues of material fact relating to alleged infringement of the '275 patent (claims 1 and 3);
>
> b.  Reversed and vacated the Court's grant of summary judgment of invalidity of the '501 patent for indefiniteness; and
>
> c.  Affirmed the Court's grant of summary judgment of non-infringement of the Design Patents, and reversed and vacated the Court's grant of summary judgment of invalidity of the Design Patents.

45.     On September 15, 2015, the Federal Circuit's mandate issued to the district court in the First Action.

46.     Following Ethicon's appeal of the First Action, the only issue to resolve on remand to the district court is Ethicon's claim for infringement of claims 1 and 3 of the '275 patent.  By order of the Court, remand proceedings relating to the First Action are currently stayed until February 4, 2016.

**C.     FACTS RELATED TO DECLARATORY JUDGMENT JURISDICTION**

47.     Ethicon's '055 patent, stated on the face of the patent to be a continuation of the '501 patent asserted in the First Action, issued on October 27, 2015.

48.     Two days later, on October 29, 2015, Ethicon served Covidien with a mediation notice letter, purportedly pursuant to the terms of the 1999 Settlement Agreement ("First Mediation Letter").

49.     The First Mediation Letter purports to provide notice that the following Sonicision products infringe several of Ethicon's patents:

     a.   Sonicision 13 cm Cordless Ultrasonic Dissection Device

     b.   Sonicision 26 cm Cordless Ultrasonic Dissection Device

     c.   Sonicision 29 cm Cordless Ultrasonic Dissection Device

     d.   Sonicision 48 cm Cordless Ultrasonic Dissection Device

     e.   Sonicision 13 cm Cordless Ultrasonic Dissection Device.

50.     In the First Mediation Letter, Ethicon claimed it has determined that Covidien's Sonicision products infringe the '055, '258, '072, '744, '001 and '027 patents, all of which relate to ultrasonic dissection devices.

51.     On November 17, 2015, Ethicon's outside counsel served Covidien's outside counsel a letter purporting to identify the claims that Ethicon asserts are infringed by Covidien's Sonicision products ("Second Mediation Letter").

52.     The Second Mediation Letter identifies the following asserted claims of Ethicon's patents:

     a.   '055 patent: Claims 1, 2, 4, 5, 8, 9, 10, 14, 15, 18-25;

     b.   '258 patent: Claims 1-13;

     c.   '072 patent: Claims 1-13;

     d.   '744 patent: Claims 1-7, 9-12, 14-19, 23;

     e.   '001 patent: Claims 1-13, 16-28; and

      f.   '027 patent: Claims 1-17, 23-26.

53.     Ethicon and Covidien participated in mediation on January 21, 2016. However, mediation did not resolve the parties' claims with respect to the '055, '258, '072, '744, '001 or '027 patents.

54.     Accordingly, a real, immediate, substantial, and justiciable controversy exists between Covidien and Defendants concerning infringement of the '055, '258, '072, '744, '001 and '027 patents.

55.     A declaration of rights is necessary and appropriate to avoid a multiplicity of lawsuits and to declare and state the rights of the parties in a manner that avoids irreparable injury to Covidien.

**D.    FACTS RELATED TO JURISDICTION IN THIS JUDICIAL DISTRICT**

56.     Covidien incorporates and realleges Paragraphs 2 and 14 through 17 above as if set forth fully herein.

57.     Declaratory judgment jurisdiction is also appropriate in this judicial district, in part, because of the district court's familiarity with the subject matter of this dispute through the First Action.

58.     The instant dispute involves the same parties and the same or substantially similar Sonicision products accused of infringement in the First Action.

59.     Like the First Action, the instant dispute involves Ethicon patents related to ultrasonic dissection devices.

60.     The '055 patent in dispute is in the same patent family as the '501 patent asserted in the First Action.

61.     The '055 and '501 patents relate to the same patented subject matter.

62.     The '055 and '501 patents share the same specification and claim priority to the same provisional patent application.

63.     Ethicon's Second Mediation Letter identifies asserted claims of the '055 patent that contain claim terms identical to those contained in the '501 patent and previously construed by the Court in the First Action.

64.     Ethicon's Second Mediation Letter identifies asserted claims of the '055 patent that incorporate claim limitations that the Court in the First Action determined to be absent from the accused Sonicision device in granting Covidien summary judgment of non-infringement with respect to the '501 patent.

65.     The '027 patent in dispute is in the same patent family as the Design Patents asserted in the First Action.

66.     The '027 patent and Design Patents patent relate to the same or similar patented subject matter and device features.

67.     The '027 patent is the issued patent from U.S. Application No. 12/245,158 to which the Design Patents of the First Action claim priority. The '027 patent describes the utilitarian advantages of the ultrasonic device features claimed in the Design Patents. On summary judgment in the First Action, the Court considered the utility patent application that issued as the '027 patent in evaluating whether the Design Patents are invalid as functional.

**COUNT I:  DECLARATION OF NON-INFRINGEMENT OF THE '055 PATENT**

68.     Covidien incorporates and realleges Paragraphs 1 through 67 above as if fully set out and stated herein.

69.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

- 14 -

70.     There is a real, immediate, substantial, and justiciable controversy between Covidien and Defendants concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of Covidien's Soncision products infringe any claim of the '055 patent.

71.     The '055 patent is stated to be a continuation of the '501 patent that Ethicon asserted in the First Action.  The '055 and '501 patents claim priority to the same provisional application, share the same specification, relate to the same patented subject matter, and share several claim elements.

72.     Claim 1 of the '055 patent and claim 1 of the '501 patent both require "a predetermined average coaptation pressure."  As noted above, the Court in the First Action construed the related term "predetermined pressure" to mean: "clamping pressure set in advance of operating the clamping arm or clamping pressure set by the user prior to operating the clamping arm."  Ethicon asserted infringement of claim 1 of the '501 patent in the First Action.

73.     Claim 14 of the '055 patent and claim 12 of the '501 patent require "predetermined clamping force." As noted above, the Court in the First Action construed the related term "predetermined force" to mean: "clamping force set in advance of operating the clamping arm or clamping force set by the user prior to operating the clamping arm." Ethicon asserted infringement of claim 12 of the '501 patent in the First Action.

74.     In its summary judgment order, the Court in the First Action determined that Sonicision does not infringe the '501 patent, including claims 1 and 12, in part because Sonicision does not practice the "predetermined" claim limitation.  *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.,* No. 1:11-CV-871, 2014 WL 10212909, at **20-21 (S.D. Ohio Jan. 22, 2014).

75.     Ethicon did not appeal the Court's ruling in the First Action that Sonicision does not infringe any asserted claim of the '501 patent, or any portion of the Claim Construction Order underlying the Court's '501 patent non-infringement judgment.

76.     Accordingly, the Court's '501 patent non-infringement judgment in the First Action is final and binding on Ethicon.

77.     As a result, Ethicon is estopped from arguing, or otherwise cannot prove, that the Sonicision products satisfy each and every element of the '055 patent asserted claims identified in the Second Mediation Letter. This includes, at least, claims 1, 2, 4, 5, 8, which require "predetermined average coaptation pressure," and claims 14, 15 and 18, which all require "predetermined clamping force."

78.     Sonicision does not infringe any other asserted claims of the '055 patent identified in the Second Mediation Letter because, among other reasons, it does not include the claimed "spring to limit," "spring for limiting," or "spring for transferring," under a reasonable construction of those claim terms.

79.     Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '055 patent.

80.     Covidien is thus entitled to a judicial declaration that Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '055 patent.

**COUNT II:  DECLARATION OF NON-INFRINGEMENT OF THE '258 PATENT**

81.     Covidien incorporates and realleges Paragraphs 1 through 80 above as if fully set out and stated herein.

82.     There is a real, immediate, substantial, and justiciable controversy between Covidien and Defendants concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of Covidien's Sonicision products infringe any claim of the '258 patent.

83.     Sonicision does not infringe any asserted claims of the '258 patent identified in the Second Mediation Letter because, among other reasons, the Sonicision torque wrench does not have "a cantilever arm arranged annularly about the gears."

84.     Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '258 patent.

85.     Covidien is thus entitled to a judicial declaration that Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '258 patent.

## COUNT III:  DECLARATION OF NON-INFRINGEMENT OF THE '072 PATENT

86.     Covidien incorporates and realleges Paragraphs 1 through 85 above as if fully set out and stated herein.

87.     There is a real, immediate, substantial, and justiciable controversy between Covidien and Defendants concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of Covidien's Sonicision products infringe any claim of the '072 patent.

88.     Sonicision does not infringe any asserted claims of the '072 patent identified in the Second Mediation Letter because, among other reasons, the Sonicision torque wrench does not have "a cantilever arm arranged annularly about the gears" or "a cantilever arm arranged concentrically with the outer surface."

89.     Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '072 patent.

90.     Covidien is thus entitled to a judicial declaration that Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '072 patent.

## COUNT IV: DECLARATION OF NON-INFRINGEMENT OF THE '744 PATENT

91.     Covidien incorporates and realleges Paragraphs 1 through 90 above as if fully set out and stated herein.

92.     There is a real, immediate, substantial, and justiciable controversy between Covidien and Defendants concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of Covidien's Sonicision products infringe any claim of the '744 patent.

93.     Sonicision does not infringe any asserted claims of the '744 patent identified in the Second Mediation Letter because, among other reasons, it does have an "acoustic assembly [that] comprises a first electrode supported for continuous rotational contact with said electrical contact assembly," under a reasonable construction of that claim term.

94.     Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '744 patent.

95.     Covidien is thus entitled to a judicial declaration that Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '744 patent.

**COUNT V:  DECLARATION OF NON-INFRINGEMENT OF THE '001 PATENT**

96.     Covidien incorporates and realleges Paragraphs 1 through 95 above as if fully set out and stated herein.

97.     There is a real, immediate, substantial, and justiciable controversy between Covidien and Defendants concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of Covidien's Sonicision products infringe any claim of the '001 patent.

98.     Sonicision does not infringe any asserted claims of the '001 patent identified in the Second Mediation Letter because, among other reasons, it does have an "acoustic assembly [that] comprises a first electrode supported for continuous rotational contact with said electrical contact assembly," under a reasonable construction of that claim term.

99.     Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '001 patent.

100.    Covidien is thus entitled to a judicial declaration that Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '001 patent.

**COUNT VI:  DECLARATION OF NON-INFRINGEMENT OF THE '027 PATENT**

101.    Covidien incorporates and realleges Paragraphs 1 through 100 above as if fully set out and stated herein.

102.    There is a real, immediate, substantial, and justiciable controversy between Covidien and Defendants concerning whether the manufacture, use, sale, offer for sale, or importation into the United States of Covidien's Sonicision products infringe any claim of the '027 patent.

103.    Sonicision does not infringe any asserted claims of the '027 patent identified in the Second Mediation Letter because, among other reasons, it does not have a "proximal rotation knob," nor a "proximal rotation knob that defines a plurality of flutes positioned adjacent to the proximal opening," under a reasonable construction of those claim terms.

104.    Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '027 patent.

105.    Covidien is thus entitled to a judicial declaration that Covidien's Sonicision products have not infringed and do not currently infringe, either directly or indirectly, any claim of the '027 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Covidien respectfully requests that the Court enter judgment against Defendants as follows:

A.    That Covidien's Sonicision products have not infringed and are not infringing either directly, indirectly, or otherwise any claim of:

1.    The '055 patent;

2.    The '258 patent;

3.    The '072 patent;

4.    The '744 patent;

5.    The '001 patent;

6.    The '027 patent;

B.    That this case is "exceptional" within the meaning of 28 U.S.C. § 285 and an award to Covidien of reasonable attorney fees and expenses is appropriate;

C.    That Covidien is entitled to an award of costs; and

D.      Such other and further relief that this Court deems just and proper.


Of Counsel:                                    Respectfully submitted,

Drew W. Wintringham                            s/ Robert A. Pitcairn, Jr._____
Frank Ryan
Melissa Reinckens
Matthew Ganas                                  Robert A. Pitcairn, Jr. (0010293)
DLA Piper LLP (US)                             Peter J. O'Shea (0086560)
1251 Avenue of the Americas                    Trial Attorneys for Plaintiffs
New York, NY  10020                            Katz, Teller, Brant & Hild
                                               255 East Fifth Street, Suite 2400
Erica J. Pascal                                Cincinnati, OH  45202
DLA PIPER LLP (US)                             Telephone:  (513) 977-3477
555 Mission Street, Suite 2400                 Facsimile:  (513) 762-0077
San Francisco, CA  94105                       Email:  rpitcairn@katzteller.com
                                               Email: poshea@katzteller.com